## PLANT FLOUR MILLS COMPANY *v.* BANNER BAKING COMPANY ET AL.*

[No. 14,546. Filed October 16, 1934. Rehearing waived November 8, 1934.]

*Vandeveer & Vandeveer,* for appellant.

*Harmon & Miller,* for appellees.

BRIDWELL, C. J.—This appeal is from a judgment rendered against appellant in an action instituted by it

---

*NOTE—Published out of order because not received sooner by Reporter.

to recover damages from appellee, Banner Baking Company, alleged to have been sustained by appellant on account of the failure of said appellee to comply with the provisions of three separate written contracts entered into between said parties for the sale and purchase of flour for future delivery. Appellant's complaint was in seven paragraphs, but this appeal questions only the action of the court as to six of said paragraphs. While the action was pending in the lower court, appellant procured the appointment of Alvin Wilson as receiver of appellee Banner Baking Company, and he, as such receiver, appeared as a party defendant and filed demurrer to the second amended second paragraph, the second amended third paragraph, the second amended fourth paragraph, and to the fifth, the sixth and the seventh paragraphs of complaint, on the ground that neither of said paragraphs state facts sufficient to constitute a cause of action. This demurrer was sustained as to each of said paragraphs, and appellant duly excepted to the ruling as to each paragraph. Appellant refused to plead further, and judgment was rendered in favor of appellees that appellant take nothing on either of its said paragraphs of complaint, and that they recover costs. The several rulings of the court in sustaining the demurrer to each of the paragraphs of complaint are separately assigned as error.

Each of the paragraphs of complaint allege the execution of a contract between appellant and the Banner Baking Company for the purchase by said company from the appellant of a certain designated amount of flour, upon terms specified in the contract. The second amended second paragraph and the fifth paragraph each sought recovery for an alleged default on the part of the said Banner Baking Company in the performance of a contract under date of September 30th, 1929, for the purchase of 1,000 barrels of flour for delivery in Feb-

ruary, 1930; the second amended third paragraph and the sixth paragraph each sought recovery for an alleged default in the performance of a contract executed on October 18th, 1929, for the purchase of 500 barrels of flour to be delivered in March, 1930; the second amended fourth paragraph and the seventh paragraph each sought recovery for an alleged default in the performance of a contract of October 26th, 1929, for the purchase of 3,500 barrels of flour to be delivered in April, May, and June, 1930.

The various paragraphs of the complaint disclose that each of the three contracts involved are the same in all particulars as to the general provisions of the contracts and by each of its paragraphs of complaint appellant seeks to recover damages in accordance with a clause of the contract as follows: "Rights of the Seller: The seller may cancel this contract if there is any unpaid past due bill, or if the property and assets of the buyer are in liquidation. If the buyer shall fail to furnish shipping instructions and/or packages as herein provided, the seller may (1) Cancel the contract; or (2) Terminate the contract, the buyer to pay to the seller as liquidated damages on wheat flour remaining unshipped by reason of buyer's breach or default, the sum of: (a) one-third of one cent (1/3c) per day per barrel on flour, and one cent per day per ton on feeds, from the date of sale to the date of termination as the expense of carrying; plus (b) Twenty cents (20c) per barrel as the cost of selling; and (c) plus or minus the difference between the market value of a bushel of cash wheat at the mill on the date of sale and on the date of termination, multiplied by 4.6 times the number of barrels of flour. This amount is to be added if the price of cash wheat is lower, and subtracted if the price of cash wheat is higher, upon the date of termination." The shipping instructions referred to in the clause of the contracts just quoted pro-

vides as follows: "Shipments: Title to shipment(s) shall not pass until full payment. Buyer shall furnish seller shipping instructions (and on sales made on a bulk basis, the necessary packages) at least fourteen (14) days before the time of shipment."

It is alleged in each of the paragraphs that appellee, Banner Baking Company, was the owner of a bakery fully equipped for the manufacture of bread and pastries from flour at the time of the execution of the contract involved and that it was engaged in the operation of said bakery in the manufacture of bread and pastries from flour; that on the 17th day of February, 1930, said bakery was wholly destroyed by fire; that thereafter said company was insolvent and wholly unable to resume its bakery business and wholly unable to accept and pay for the unshipped portion of said order for flour; that because the business of said company was wholly suspended and because said company was insolvent and wholly unable to accept and pay for the flour purchased, the appellant, on the 19th day of February, 1930, terminated said contract as to the unperformed part thereof. In each of the paragraphs appellant prays judgment for the amount of damages provided for by the contract pleaded, in case such contract was terminated by appellant for a failure on the part of appellee, Banner Baking Company, to comply with its terms.

The appellant's right to terminate any one of the contracts and recover damages as therein provided, depends upon whether or not the other party to such contract failed or refused to perform some duty imposed by the contract, which failure, according to the provisions of the contract, would give the right to terminate it and recover damages, as therein provided. Each of the contracts provided for termination and recovery of liquidated damages if the buyer (Banner Baking Company) "shall fail to furnish shipping instructions and/or pack-

ages as herein provided," the provision being that this must be done "at least fourteen days before the time of shipment." There is no allegation of any such failure in either of the paragraphs of complaint in question, but appellant proceeds upon the theory that it had the right to terminate said contracts for reasons not therein specified and to recover damages in accordance with the provisions of such contracts although no breach or default on the part of the "buyer" had occurred.

It is true that in each of the three amended paragraphs there is an allegation of unpaid past due indebtedness, and insolvency, and in all paragraphs an averment of suspension of business and insolvency, but under the "Rights of the Seller," heretofore set forth, this gives only the right to cancel the contract, which right, if exercised, would relieve the "seller" from any further compliance therewith; that the parties to the contracts did not use the words "cancel" and "terminate" to express the same meaning and intent is evident upon an examination of the contracts as two options are given the "seller" if "buyer" fails to furnish shipping instructions, or, packages as therein provided; (1) to cancel the contract, and (2) to terminate it as to the unperformed part thereof and recover liquidated damages in an amount to be computed by a method provided for therein. The only right which the contracts give to the "seller" if there be any unpaid past due bills, or if the property and assets of the 'buyer" are in liquidation is to cancel the contract.

Neither of the paragraphs of complaint aver any default or failure on the part of the Banner Baking Company to comply with any provision of any contract involved; nor does any paragraph plead any renunciation of any contract on the part of said company. Each paragraph of complaint is predicated upon the theory that the right to terminate the contracts, and recover liquidated damages as therein provided, existed even though

there was no default or breach on the part of the party sought to be charged. We are of the opinion that there was no error in sustaining the demurrer to each of the paragraphs of complaint. Judgment affirmed.

Kime, J., dissents.